```
                  UNITED STATES DISTRICT COURT
                           FOR THE
                      DISTRICT OF VERMONT
```

| | |
|---|---|
| STEPHEN AGUIAR, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | )   File No. 2:17-cv-121 |
| | ) |
| RICHARD CARTER, JUSTIN | ) |
| COUTURE, JARED HATCH, | ) |
| ANDREW LAUDATE, MICHAEL | ) |
| MORRIS, JOHN LEWIS, UNKNOWN | ) |
| US DOJ GPS CONTRACTOR, | ) |
| UNKNOWN GOVERNMENT AGENTS, | ) |
| UNKNOWN GOVERNMENT EMPLOYEES, | ) |
| VERIZON WIRELESS, TRACFONE, | ) |
| UNKNOWN COURT CLERKS, | ) |
| UNKNOWN LEGAL ASSISTANTS, | ) |
| EUGENIA A.P. COWLES, WENDY | ) |
| FULLER, TIMOTHY DOHERTY, | ) |
| PAUL J. VAN DE GRAAF, | ) |
| KATHERINE MYRICK, | ) |
| | ) |
|     Defendants. | ) |

## OPINION AND ORDER

Plaintiff Stephen Aguiar, proceeding *pro se*, is currently serving a 30-year prison term as a result of his 2011 conviction for drug distribution and conspiracy. In the instant civil action, Aguiar claims that various parties who were involved in the investigation and prosecution of his criminal case violated his federal rights. The Court previously granted motions to dismiss filed by Defendants Richard Carter, Justin Couture, Jared Hatch, Andrew Laudate, Eugenia Cowles, Wendy Fuller, Timothy Doherty, Paul Van de Graaf, and Katherine Myrick (collectively the "Federal Defendants"). Aguiar now moves for reconsideration of portions of those rulings. Specifically, Aguiar contests the

dismissal of various claims on the basis of collateral estoppel, *Heck v. Humphrey*, and timeliness.  For the reasons set forth below, the motion for reconsideration is **denied**.

## Factual Background

The facts underlying dismissal of the Federal Defendants are set forth in the Court's prior Opinion and Order, and the parties' familiarity with those facts is presumed.  Briefly stated, Aguiar has been convicted of federal drug and/or firearm offenses three times in the District of Vermont, most recently in 2011.  The 2011 conviction was upheld by the United States Court of Appeals for the Second Circuit.

Aguiar now claims constitutional and statutory violations related to his 2011 conviction.  Several of the claims asserted in this case were raised previously either in Aguiar's direct appeal, or in his Section 2255 motion for collateral relief, or both.  Accordingly, upon motions from the Federal Defendants, the Court dismissed certain claims on the basis of collateral estoppel.  The Court dismissed other claims on the basis of the Supreme Court's ruling in *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), which held that a prisoner cannot bring a civil complaint where judgment in his favor would necessarily imply the invalidity of his conviction.  Finally, the Court found that certain claims are untimely.  Aguiar now moves for reconsideration of those rulings.

2

**Discussion**

I. **Legal Standard**

The accepted standard for granting a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Analytical Surveys, Inc. v. Tonga Partners*, L.P., 684 F.3d 36, 52 (2d Cir. 2012) (citation omitted). Reconsideration may also be granted if the movant demonstrates an "intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (citing *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245 (2d Cir. 1992)). A motion for reconsideration "is neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have been previously advanced." *Assoc. Press v. U.S. Dep't of Def.*, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005).

II. **Claims Against Assistant United States Attorneys**

Aguiar first contends that the Court should not have dismissed his claim, set forth in Count 8 of the Complaint, that AUSAs Van De Graaf and Fuller falsified a court stamp on a July 2, 2009 wiretap application. The Court dismissed the claims in Count 8 on the basis of collateral estoppel, finding that the

3

Second Circuit had already determined the propriety of the application. Aguiar now submits that while the matter of authorization was presented previously, the question of falsification has not been addressed.

Aguiar's reconsideration motion cites paragraphs 68 and 76 of his Complaint. Paragraph 68 claims that the July 2, 2009 Title III warrant was filed with the Court on July 6, 2009. As explained in the prior Paragraph, and in documents submitted previously by the government, the warrant was signed after hours on July 2, July 3 was a holiday, and filing therefore did not occur until July 6. Accordingly, the document was stamped as received on July 6, 2009. Paragraph 76 alleges that when defense counsel moved to suppress the wiretap application as incomplete, AUSAs Fuller and Doherty submitted to the Court a copy of the July 2, 2009 wiretap application. Neither paragraph presents a clear claim of falsification. Moreover, Aguiar's reconsideration motion cites an exhibit from his criminal case (Case No. 2:09-cr-90, ECF No. 215-5) which is entirely consistent with the explanation of events offered by both the government and Aguiar's Complaint. Upon reconsideration, the Court finds no reason to alter the determination that this claim is barred.

Aguiar next argues that *Heck* should not apply to his claims of fabricated GPS evidence, unlawfully obtained MySpace evidence, and falsification of the July 2, 2009 date stamp. With respect

4

to the GPS evidence, this Court previously determined that such evidence was one of the key components of the government's case against him. Aguiar's reconsideration motion relies upon his *Brady* challenge to the GPS, though this Court found previously that his *Brady* claim was without merit. *Id.* (ECF No. 767 at 73-75). Consequently, even assuming that the GPS evidence alone was not critical to Aguiar's conviction, he is estopped from raising that claim again.

Aguiar similarly claims that evidence obtained from his MySpace account, which included photographs of his vehicle and messages sent from his user number, was previously held to be non-prejudicial. In its ruling on Aguiar's ineffective assistance of counsel claim, the Magistrate Judge determined that Aguiar had not carried his burden of proof with respect to prejudice because the amount of evidence against him was overwhelming. Here, the Court considered the role of the challenged evidence in the aggregate. In that context, and given the role of such evidence in helping law enforcement accumulate other evidence, Aguiar's challenges would undermine the validity of his conviction.

Furthermore, as the Court held previously, there is no basis for an inference that the AUSA Defendants were involved in any wrongdoing with respect to the evidence in question. As alleged in the Complaint, the MySpace information was pursued by means of

a DEA subpoena. GPS evidence was allegedly fabricated by DEA agents and contractors. While Aguiar argues that the AUSA Defendants "lied before and during trial" about the authenticity and origin of the GPS evidence, the cited paragraphs of the Complaint (paragraphs 79-80) merely recount DEA agent trial testimony. Prosecutorial introduction of such testimony is insufficient for a plausible claim of unconstitutional conduct. Aguiar's allegations of conspiracies to engage in unlawful conduct are also insufficient, and the Court finds no basis for reconsidering dismissal of such claims without leave to amend.

**III. Claims Against DEA Agents**

Aguiar also asks the Court to reconsider dismissal of his claims against Agents Carter and Couture. The argument with respect to Carter is that, given the Court's prior conclusion about the GPS evidence being harmless, the claims against Carter set forth in Count Two of the Complaint are not barred by *Heck*. The Court rejected this same argument previously. The Court also dismissed on the basis of collateral estoppel and qualified immunity, and thus finds no basis for reconsidering its dismissal of Agent Carter.

Aguiar next challenges the Court's dismissal of his claims against Agent Couture, arguing first that collateral estoppel does not bar his MySpace claim. The Court previously found that this claim was litigated in Aguiar's Section 2255 proceeding, but

6

Aguiar submits that his current claim is not identical.

Aguiar's instant claim is that Couture searched his MySpace records and communications without a probable cause warrant.  In the 2255 proceeding, the Magistrate Judge thoroughly assessed Aguiar's assertion that defense counsel was ineffective for failing to move to suppress the MySpace-related evidence.  Specifically, the Magistrate Judge considered defense counsel's explanation that the incriminating evidence was obtained from Aguiar's public MySpace page.  *Id.* (ECF No. 767 at 32).  The Magistrate Judge also noted that Aguiar had presented arguments under the Fourth Amendment.  *Id.* (ECF No. 767 at 33).  Accordingly, the Court sees no basis to reconsider its conclusion that the issue of a warrantless search was previously-litigated.

Aguiar further challenges the Court's conclusion that any unlawful information received from MySpace was not the fault of the DEA Defendants.  Aguiar alleges in his Complaint that, consistent with the subpoena issued by Agent Couture seeking information "without limitation," MySpace delivered communications that had been in electronic storage for fewer than 180 days.  As this Court found previously, defense counsel concluded that the MySpace information in question was publicly accessible and thus could not be suppressed.  This matter has therefore been litigated previously, and will not be reversed on reconsideration.

7

**IV. Count 13: Stored Communications Act Claim ("SCA")**

Aguiar's final request is for reconsideration of the Court's conclusion that his claims under the SCA are time-barred. A plaintiff bringing a civil action under the SCA must do so within "two years after the date upon which the claimant first discovered or had a reasonable opportunity to discover the violation." 18 U.S.C. § 2707(f). Aguiar's SCA claim is based on the government's effort to access his MySpace account. The MySpace evidence was introduced by the government at Aguiar's trial in 2011. Consequently, his "reasonable opportunity" to discover any alleged violation arose in 2011, and his filing of a civil claim in 2017 was untimely.

## Conclusion

For the reasons set forth above, Aguiar's motion for reconsideration (ECF No. 117) is **denied**.

DATED at Burlington, in the District of Vermont, this 21st day of August, 2019.

/s/William K. Sessions III
William K. Sessions III
District Court Judge