```
                 UNITED STATES DISTRICT COURT
                          FOR THE
                    DISTRICT OF VERMONT
```

STEPHEN AGUIAR,                )
                               )
    Plaintiff,                 )
                               )
    v.                         )     File No. 2:17-cv-121
                               )
RICHARD CARTER, JUSTIN         )
COUTURE, JARED HATCH,          )
ANDREW LAUDATE, MICHAEL        )
MORRIS, JOHN LEWIS, UNKNOWN    )
US DOJ GPS CONTRACTOR,         )
UNKNOWN GOVERNMENT AGENTS,     )
UNKNOWN GOVERNMENT EMPLOYEES,  )
VERIZON WIRELESS, TRACFONE,    )
UNKNOWN COURT CLERKS,          )
UNKNOWN LEGAL ASSISTANTS,      )
EUGENIA A.P. COWLES, WENDY     )
FULLER, TIMOTHY DOHERTY,       )
PAUL J. VAN DE GRAAF,          )
KATHERINE MYRICK,              )
                               )
    Defendants.                )

## OPINION AND ORDER

Plaintiff Stephen Aguiar, proceeding *pro se*, is currently serving a 30-year prison term as a result of his 2011 conviction for drug distribution and conspiracy. In this civil action, Aguiar claims that various parties involved in the investigation and prosecution of his criminal case violated his rights. Aguiar previously contested the validity of his criminal conviction on direct appeal and in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255. Both challenges were unsuccessful.

Defendants in this case include local and federal law enforcement officers, federal prosecutors, and two telecommunications companies. The federal defendants were

dismissed on the basis of, among other things, collateral estoppel, *Heck v. Humphrey*, and qualified immunity. The only remaining named defendants, Burlington City Police Officers Michael Morris and John Lewis, now move for judgment on the pleadings on essentially those same bases. For the reasons set forth below, the pending motion (ECF No. 123) is **granted.** Aguiar's subsequently-filed motion to stay the case (ECF No. 129) is **denied.**

### Factual Background

Aguiar has been convicted of federal drug and/or firearm offenses three times in the District of Vermont: first in 1995, again in 2001, and a third time in 2011. With respect to his most recent conviction, Aguiar was indicted by a federal grand jury in 2009 for conspiracy to distribute cocaine and for distribution of cocaine. In March 2010, his attorney filed a motion to suppress: (1) wire communications intercepted pursuant to Title III warrants issued by this Court; (2) evidence discovered after an April 3, 2009 order authorized a pen register and trap and trace devices; (3) evidence of data analysis of Aguiar's phone; and (4) evidence seized by installing GPS tracking devices on Aguiar's vehicles. The Court denied the motion to suppress initially and upon reconsideration.

After an eleven-day trial, the jury convicted Aguiar of one count of conspiracy to distribute heroin and five kilograms or

more of cocaine, and six counts of distribution of cocaine. Aguiar appealed his conviction. On appeal, his arguments included: (1) that the warrantless GPS tracking of his car violated the Fourth Amendment; (2) that this Court erred in denying him a *Franks* hearing regarding a discrepancy in an affidavit supporting the April 3, 2009 pen register application; (3) that the Court erred when it refused to suppress evidence found pursuant to the warrantless search of Aguiar's cell phone; and (4) that the Court erred when it failed to hold an evidentiary hearing based upon a missing page from the Title III intercept memorandum for a July 2, 2009 application. The Second Circuit affirmed Aguiar's conviction on December 13, 2013, and denied rehearing. *United States v. Aguiar*, 737 F.3d 251 (2d Cir. 2013), *cert. denied*, 134 S. Ct. 400 (Oct. 20, 2014), *rehearing denied*, 135 S. Ct. 886 (Dec. 15, 2014).

In September 2015, Aguiar filed a motion to vacate pursuant to 28 U.S.C. § 2255, arguing ineffective assistance of counsel. His Section 2255 motion claimed that defense counsel had failed: (1) to argue that this Court lacked jurisdiction to authorize installation of pen register and trap and trace devices and to disclose records under Fed. R. Crim. P. 41; (2) to move for suppression of evidence because the cell phones, wiretap installations and intercepted calls were rerouted and acquired outside the Court's territorial jurisdiction; (3) to move for

suppression of the Title III warrants under *Franks*, or to argue that the government did not meet the necessity requirement under 18 U.S.C. § 2518; (4) to present sufficient exculpatory evidence in arguing the motion to suppress evidence obtained pursuant to the April 3, 2009 pen/trap order; (5) to make an appropriate motion or objection when the government allegedly failed to provide Aguiar with a complete copy of June 3, 2009 and July 9, 2009 Title III applications, affidavits and orders; (6) to argue outrageous government conduct when the government failed to include a complete DOJ authorization memo before the Court signed the July 2, 2009 Title III wiretap warrant; (7) to move the Court to recuse itself with respect to arguments pertaining to the July 2, 2009 wiretap warrant; and (8) to argue on appeal that Aguiar was denied a fair trial due to prosecutorial misconduct, insofar as prosecutors allegedly withheld exculpatory GPS-related discovery evidence. Magistrate Judge Conroy issued a Report and Recommendation recommending that the Section 2255 motion be denied, and the Court accepted that recommendation. Aguiar appealed, and on July 18, 2017 the Second Circuit dismissed the appeal, finding that Aguiar had not made a substantial showing of the denial of a constitutional right.

In the instant case, Aguiar accuses Officers Morris and Lewis of violating his constitutional rights by falsifying evidence, leading federal agents to his vehicle so that they

could install a GPS tracking unit, and engaging in a broad conspiracy against him. Specifically, the Complaint alleges in Count 9 that Officer Morris presented false evidence to the state court in order to obtain search warrants. That evidence reportedly included a statement by Officer Morris that certain cooperating individuals had been arrested, when in fact they had not been not taken into custody. ECF No. 3, ¶¶ 19, 21. Count 10 alleges that Officers Morris and Lewis led DEA agents to Aguiar's vehicle so that the agents could affix a GPS tracking device in violation of Vermont law. Finally, Count 16 asserts a claim against all Defendants claiming that they conspired to violate a host of Aguiar's constitutional rights, as well as his rights under the Stored Communications Act and the ECPA/Wiretap Act.

## **Discussion**

### I. Defendants' Motion is Not Premature

Aguiar opposes the motion for judgment on the pleadings, arguing in part that the motion is premature because the pleadings are "not yet closed." ECF No. 126 at 5. Federal Rule of Civil Procedure 12(c) states that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Fed R. Civ. P. 12(c). "[Federal Rule of Civil Procedure] 7(a) provides that the pleadings are closed upon the filing of a complaint and an answer." 5C Charles Alan Wright & Arthur R. Miller, Federal

Practice and Procedure § 1367 (3d ed. 2004); *see also Healthcare Ass'n of New York State, Inc. v. Pataki*, 471 F.3d 87, 94 (2d Cir. 2006) ("it would be impossible to treat their motion as one for judgment on the pleadings, since the State has not filed an answer and the pleadings therefore are not closed").

Officers Morris and Lewis are the only named defendants remaining in this case. They have both filed an answer to Aguiar's Complaint. ECF No. 19. Aguiar notes that other defendants did not file answers to the Complaint, yet those defendants were each dismissed after filing dispositive motions under Federal Rule of Civil Procedure 12(b)(6). Accordingly, the pleadings are closed and the motion for judgment on the pleadings is proper.

## II. Legal Standard

Motions for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) are assessed according to the same standard as a motion to dismiss under Rule 12(b)(6). *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 429 (2d Cir. 2011). "To survive a motion to dismiss pursuant to Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face when it contains sufficient factual content to "allow[ ] the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Although "[t]he plausibility standard is not akin to a 'probability requirement,'" pleading "facts that are 'merely consistent with' a defendant's liability" does not suffice to establish plausibility. *Id.* (citing and quoting *Twombly*, 550 U.S. at 556-57).

When, as here, the plaintiff is proceeding *pro se*, the Court must construe the complaint liberally "to raise the strongest arguments that [it] suggest[s]." *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).

**III. Collateral Estoppel**

Officers Morris and Lewis first move to dismiss on the basis of collateral estoppel. Like the other law enforcement defendants, Morris and Lewis argue that Aguiar raised his present allegations previously in the course of his conviction, appeal, and/or Section 2255 proceeding. Aguiar submits that his claims are new and thus not barred as previously-raised.

Federal principles of collateral estoppel require that: "(1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the party had a full and fair opportunity to litigate the issue; and (4) the resolution of the issue was

7

necessary to support a valid and final judgment on the merits." *Ball v. A.O. Smith Corp.*, 451 F.3d 66, 69 (2d Cir. 2006). Collateral estoppel applies to civil rights lawsuits brought pursuant to 42 U.S.C. § 1983. *Allen v. McCurry*, 449 U.S. 90, 101 (1980). The Second Circuit has also held that a party other than the Government may assert collateral estoppel based on a criminal conviction. *Gelb v. Royal Globe Ins. Co.*, 798 F.2d 38, 43 (2d Cir. 1986).

The claims against Officer Morris in Count 9 are that he fabricated and falsified evidence and presented such evidence to the state court. While Count 9 does not specifically reference any supporting facts, Aguiar alleges elsewhere in his Complaint that Officer Morris characterized certain informants as having been arrested when, in fact, they were merely interviewed and not taken into custody.

Officer Morris relies upon the collateral estoppel arguments set forth in the briefing submitted by the defendant Assistant United States Attorneys ("AUSAs"). However, the allegations against those defendants were different. Aguiar accused the Defendant AUSAs of fabricating and falsifying evidence by listing the wrong phone number in an affidavit to this Court. While the validity of the federal affidavits was addressed in previous proceedings, Officer Morris has not cited any findings by either this Court or the Second Circuit Court of Appeals addressing

8

state court affidavits.  The Court therefore declines to apply collateral estoppel to Count 9.

In Count 10, Aguiar claims that Officers Morris and Lewis helped federal agents place a GPS tracking device on Aguiar's vehicle.  Questions regarding the legality of that device have been addressed at trial in the context of a motion to suppress, on direct appeal, and again in the denial of Aguiar's Section 2255 motion.  Collateral estoppel bars any further consideration of that issue here, and Count 10 is dismissed.

Officers Morris and Lewis also argue that collateral estoppel bars Aguiar's conspiracy claims in Count 16.  The Court previously dismissed Count 16 against other defendants because the allegations were overly-vague and expansive.  ECF No. 115 at 19-20.  The cause of action does not single out individual defendants, but instead accuses the entire group of conspiring.  Accordingly, the same analysis applies here.  The Court further finds that Aguiar's wide-ranging allegations of a conspiracy among federal prosecutors, law enforcement officers and telecommunications companies are frivolous.  Count 16 is therefore dismissed.  *See Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000) (holding that district courts may dismiss a frivolous claim *sua sponte*).

## IV.  *Heck v. Humphrey*

Officers Morris and Lewis next argue that finding in

Aguiar's favor would necessarily undermine his conviction. In *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), the Supreme Court held that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed." It is well established that *Heck*'s bar applies to *Bivens* claims. *Tavarez v. Reno*, 54 F.3d 109, 110 (2d Cir. 1995) ("Given the similarity between suits under § 1983 and *Bivens*, we conclude that *Heck* should apply to *Bivens* actions as well.").

Courts must proceed cautiously when applying *Heck*, as the Supreme Court has warned against overly-broad applications, particularly in the event of an allegedly-unreasonable search.

> [A] suit for damages attributable to an allegedly unreasonable search may lie even if the challenged search produced evidence that was introduced [at trial]. . . . Because of doctrines like independent source and inevitable discovery, and especially harmless error, such [an action], even if successful, would not necessarily imply that the plaintiff's conviction was unlawful.

*Heck*, 512 U.S. at 487 n.7.

After application of collateral estoppel, the remaining allegation in this case is the claim that Officer Morris falsified an affidavit. ECF No. 3, ¶ 21. Accepting the allegations in the Complaint as true, two cooperating witnesses met with Burlington police and identified Aguiar as being involved in drug trafficking. *Id.* Officer Morris allegedly used

that information to obtain a warrant to record certain telephone conversations. Shortly thereafter, Drug Enforcement Agency agents chose to "target" Aguiar as a drug trafficking suspect by, among other things, tracking his vehicle by means of GPS technology. *Id.*, ¶ 25. Officers Morris and Lewis also allegedly engaged in physical surveillance. *Id.*, ¶ 36.

The Complaint makes clear that surveillance efforts by local and federal law enforcement resulted in Aguiar's arrest and conviction. Although the Supreme Court warned in *Heck* that reviewing courts should be aware of doctrines such as inevitable discovery or harmless error, those principles have no application here. The investigative work by Officers Morris and Lewis clearly contributed to a collective effort to obtain evidence that would support a conviction. To allow a lawsuit now based upon those efforts would undermine the prosecution's presentation at trial and, consequently, call Aguiar's conviction into question.

Furthermore, Aguiar cannot show that the allegedly-erroneous information in the warrant application caused him harm. As the Second Circuit reasoned with respect to a federal warrant application, "even if the false statement were stricken from the affidavits, the affidavits are replete with information . . . which would satisfy the necessary grounds to issue" the warrant. *Aguiar*, 737 F.3d at 263. Count 9 is therefore dismissed.

## V. Qualified Immunity

Because all claims against Officers Morris and Lewis have been dismissed, the Court need not address their arguments for application of qualified immunity.[1]

## VI. Leave to Amend

The Second Circuit has held that a *pro se* complaint should be read liberally, and district courts should grant leave to amend if a "liberal reading" provides "any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). But where the issues with a complaint are "substantive" and cannot be cured by more artful or specific allegations, repleading would be "futile" and a request for further amendment "should be denied." *Id.*

As determined in this and previous rulings, Aguiar's claims are barred on substantive grounds such as collateral estoppel, the *Heck* doctrine, qualified immunity, and statute of limitations provisions. Those flaws cannot be cured by re-pleading. Accordingly, the Court will not grant leave to amend.

---

[1] As the Court determined previously, however, qualified immunity applies to at least the GPS claim. As the Second Circuit held on direct appeal, "sufficient Supreme Court precedent existed at the time the GPS device was placed for the officers here to reasonably conclude a warrant was not necessary in these circumstances." *Id.* at 262.

**VII. Motion for Stay and Abeyance**

Also pending before the Court is Aguiar's motion to stay this case or hold it in abeyance while the Court considers post-conviction motions filed in his three criminal cases. According to the motion to stay, those post-conviction filings focus primarily on the effectiveness of Aguiar's defense counsel.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. . . . Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936). Aguiar has not made clear how resolution of his ineffective assistance of counsel claims will define the rights of the defendants in this case. Moreover, this case has been pending since 2017, and defendants are entitled to a final resolution. The motion for stay and abeyance is **denied**.

## Conclusion

For the reasons set forth below, the pending motion for judgment on the pleadings (ECF No. 123) is **granted**, the motion for stay and abeyance (ECF No. 129) is **denied**, and this case is

**dismissed**.[2]

DATED at Burlington, in the District of Vermont, this 13th day of February, 2020.

/s/ William K. Sessions III
William K. Sessions III
United States District Court Judge

---

[2] All claims against the unknown defendants are dismissed without prejudice. 28 U.S.C. § 1915(e)(2)(B)(ii).